**WEI ZHANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Peter D. Keisler,[1] Acting Attorney General, Respondents.**

**No. 05–0305–ag.**

United States Court of Appeals,
Second Circuit.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Pe-        ter D. Keisler is automatically substituted for

Oct. 9, 2007.

Joshua Bardavid (David X. Feng, on the brief), New York, NY, for Petitioner.

Nehal Kamani, United States Department of Justice, Civil Division, Office of Immigration Litigation (Jim M. Greenlee,

United States Attorney for the Northern District of Mississippi; Samuel D. Write, Assistant United States Attorney, on the brief), Oxford, MS, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Wei Zhang, a citizen of China, seeks review of a December 30, 2004 order of the BIA, affirming the May 5, 2003 decision of Immigration Judge ("IJ") John Opaciuch, which denied Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Zhang*, No. A76–854–034 (B.I.A. Dec. 30, 2004) *aff'g* No. A76–854–034 (Immigr. Ct. N.Y. City May 5, 2003).

Zhang arrived at our shores as a stowaway. Upon arrival, he expressed a fear of returning to China and was placed in what is generally referred to as "asylum-only" proceedings. *See* 8 U.S.C. § 1225(a)(2); 8 C.F.R. § 208.2(c); *see also Kanacevic v. INS*, 448 F.3d 129, 133–35 (2d Cir.2006). He applied for asylum, withholding of removal and CAT relief on the ground that he would be persecuted in China based on his practice of Falun Gong.

The IJ determined that Zhang's applications were not credible and denied his claims for relief. The BIA affirmed the IJ's adverse credibility decision, "except with regard to the [IJ's] speculation about the interest the Chinese officials would have shown in the respondent's siblings."[2] Zhang subsequently filed a timely petition for review in this Court.[3]

former Attorney General Alberto R. Gonzales as a respondent in this case.

**2.** The IJ deemed it implausible that the Chinese authorities targeted Zhang and his parents for practicing Falun Gong, but had not targeted Zhang's siblings. The BIA found the IJ's concern speculative, presumably because

Zhang had testified that his siblings did not practice Falun Gong.

**3.** In supplemental letter briefs, the parties have agreed that this Court has jurisdiction under 8 U.S.C. § 1252(a)(1) to review a BIA order denying relief in asylum-only proceedings to a stowaway, such as Zhang, because the denial of such relief "is the functional

When the BIA affirms the IJ's decision in all respects but one, as occurred here, this Court reviews the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

Substantial evidence supports the IJ's adverse credibility determination in this case. As the IJ correctly observed, Zhang provided substantially and materially different accounts of his asylum claim to immigration officials throughout the process. Specifically, Zhang testified before the IJ that he and both his parents had been arrested and detained by Chinese officials in 2000 for practicing Falun Gong. However, in response to specific questioning at an earlier credible fear interview before an asylum officer, Zhang did not even mention that he had practiced Falun Gong in China, or that he had been arrested. Nor did Zhang mention his father's arrest; he stated only that his mother had been arrested.

The IJ also noted the inconsistency between Zhang's written asylum application and his testimony before the IJ. Namely, in his written application, Zhang claimed that Chinese officials had confiscated Falun Gong books and videos from his parents home in July 1999, but testified that this event occurred two years earlier, in July 1997. Moreover, whereas Zhang claimed in his written application that he was walking behind his parents when they were arrested in the Beijing airport in 2001, he testified that he was in the airport bathroom when his parents were arrested. Contrary to Zhang's assertion, these discrepancies support the IJ's adverse credibility determination because they involve "the heart of the asylum claim." *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

While Zhang offered explanations for some of these inconsistencies, the IJ was not compelled to—and did not—credit his explanations. Under the substantial evidence standard of review, we will not disturb the IJ's determination. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

We are less confident in some of the other adverse credibility grounds relied upon by the IJ. Namely, although the IJ was concerned that Zhang did not know that the word "Falun" had been defined as "law-wheel" by the movement's founder, Zhang was nonetheless able to describe the basic precepts of Falun Gong. Moreover, contrary to the IJ's assessment, Zhang's testimony that his parents kept Falun Gong videos in the house is not inconsistent with his testimony that he never watched videos, given Zhang's testimony that he learned Falun Gong exercises directly from his father. These errors aside, remand is not warranted here because "(1) substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the same decision would be made were the petition remanded." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending mo-

equivalent of a removal order." *See Kanacevic*, 448 F.3d at 134 (holding that jurisdiction exists under 8 U.S.C. § 1252(a)(1) to review a BIA order denying asylum to an alien in "asylum-only" proceedings who had been admitted under the Visa Waiver program).

tion for a stay of removal is therefore DENIED as moot.